

**ABRAMSON & DENENBERG, P.C.**
**BY: THOMAS BRUNO II, ESQUIRE**          **ATTORNEY FOR PLAINTIFF**
**IDENTIFICATION NUMBER: 26180**
**1315 WALNUT STREET, 12TH FLOOR**
**PHILADELPHIA, PA  19107**
**215-546-1345**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STACEY PRESSLEY                         :
2430 NORTH CORLIES STREET               :      CIVIL ACTION
PHILADELPHIA, PA 19132                  :
                                        :
      V.                                :
                                        :
                                        :
POLICE OFFICER MANIGAULT                :      JURY TRIAL DEMANDED
BADGE NUMBER 3046                       :
1515 ARCH STREET                        :
PHILADELPHIA, PA 19102                  :
      AND                               :           **FILED**
POLICE OFFICER STEPHENS                 :
BADGE NUMBER 2033                       :         FEB 11 2016
1515 ARCH STREET                        :
PHILADELPHIA, PA 19102                  :      NO.  15-6617    MICHAEL E. KUNZ, Clerk
      AND                               :                     By_____Dep Clerk
POLICE OFFICER JULIE WAYMACK            :
BADGE NUMBER 9678                       :
1515 ARCH STREET                        :
PHILADELPHIA, PA 19102                  :
      AND                               :
SERGEANT BRIAN DOUGHERTY                :
BADGE NUMBER 256                        :
1515 ARCH STREET                        :
PHILADELPHIA, PA 19102                  :
      AND                               :
CITY OF PHILADELPHIA                    :
1515 ARCH STREET                        :
PHILADELPHIA, PA 19102                  :
                                        :
                                        :
                                        :
                                        :

## SECOND AMENDED COMPLAINT

1. Plaintiff, Stacey Pressley, is an individual and adult citizen of the Commonwealth of Pennsylvania, residing as captioned.

2. Defendant, City of Philadelphia, is a municipal agency organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

3. Defendant, Police Officer Manigault, was at all material times a police officer with the Philadelphia Police Department, and is being sued in his individual capacity.

4. Defendant, Police Officer Stephens, was at all material times a police officer with the Philadelphia Police Department, and is being sued in his individual capacity.

5. Defendants, Police Officer Julie Waymack and Sgt. Brian Dougherty were at all material times police officers with the Philadelphia Police Department, and are being sued in their individual capacities.

6. At all material times, defendant, City of Philadelphia, was charged with the responsibility of testing, hiring, training and/or supervising members of the Philadelphia Police Department including in particular, defendants, Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty.

7. At all material times, defendants, Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, acted within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and/or practices of the Philadelphia Police Department and the defendant, City of Philadelphia.

8. This court has jurisdiction over the Federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343 and jurisdiction over the state law claims pursuant to the principals of pendant and ancillary jurisdiction.

9. Venue is proper under 28 U.S.C. § 1391(b) because the causes of action upon which the complaint is based arose in Philadelphia County, Pennsylvania, which is in the Eastern District of Pennsylvania.

10. On February 9, 2015, at approximately 2:30 a.m. plaintiff, Stacey Pressley, was present in her home at 2430 North Corlies Street, in Philadelphia, PA 19132.

11. At the aforementioned date, time and place, defendants, Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, responded to a complaint at that location.

12. Upon arriving at the Plaintiff's home, defendants, Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty were informed by Plaintiff's boyfriend, who had placed the call to police, that while he and the Plaintiff had exchanged angry words, they had resolved there issues and there was no problem or complaint.

13. Plaintiff's boyfriend further informed defendants, Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty that the Plaintiff was upstairs, undressed, and getting ready for bed.

14. Notwithstanding that there was no problem or complaint, and the fact that defendants Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty had been informed that the Plaintiff was not dressed, the aforementioned defendants went up stairs to confront the Plaintiff.

15. Upon arriving upstairs, defendants Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty found the Plaintiff in a state of undress; specifically, the Plaintiff was wearing a tee shirt but no pants or underwear, leaving her private parts exposed.

16. Although the Plaintiff was not resisting arrest, confrontational, or otherwise acting in a manner that would warrant the use of any force against her, Defendant, Sgt. Dougherty, the direct supervisor of Defendant, Police Officer Manigault, Police Officer Stephens and Police Officer Waymack ordered Police Officer Manigault or Police Officer Stephens or Police Officer Waymack to taser the Plaintiff, and Police Officer Manigault or Police Officer Stephens or Police Officer Waymack, without provocation or legal cause or reasonable justification, and without issuing any verbal commands to the Plaintiff prior to the use of force, tasered the plaintiff, Stacey Pressley, about her exposed hip and her exposed genitals.

17. Plaintiff, Stacey Pressley, was handcuffed and placed under arrest, and a sheet put around her exposed body.

18. Plaintiff, Stacey Pressley, was transported to Saint Joseph's Hospital Emergency room where she received treatment for the injuries she received as a result of being unreasonably tasered.

19. Plaintiff, Stacey Pressley, was then transported to the Philadelphia Police Department Roundhouse at 750 Race St. in Philadelphia, PA, fingerprinted, photographed and charged with a violation of a protective order, which charges were later withdrawn.

20. The acts of the defendants, Police Officer Manigault and/or Police Officer Stephens and/or Police Officer Waymack and/or Sergeant Dougherty, were committed recklessly,

wantonly, maliciously, intentionally, outrageously and/or deliberately without just cause or any other legal justification, and constituted the unreasonable use of force in violation of the Plaintiff's rights under the Fourth Amendment to the United States Constitution.

21. Defendant, Sgt. Dougherty, as the supervisor of all of the other Defendants/Police Officers at the Plaintiff's house on the date and at the time of the incident alleged in Plaintiff's Complaint, was personally involved in the violation of the Plaintiff's Constitutional rights by ordering or directing Police Officer Manigault and/or Police Officer Stephens and/or Police Officer Waymack and/or Sergeant Dougherty to taser the Plaintiff, when Sgt. John Doe knew, or should have known, that the use of such force under the circumstances was unreasonable in violation of the Plaintiff's rights under the Fourth Amendment.

22. Defendant, Sgt. John Doe and Police Officer Manigault and/or Police Officer Stephens and/or Police Officer Waymack and/or Sergeant Dougherty entered into an agreement to violate the Plaintiff's Fourth Amendment rights, and acted in concert to violate the Plaintiff's Fourth Amendment rights, which agreement and concerted action was manifested in the tasering of the Plaintiff in violation of the Plaintiff's Fourth Amendment rights, when both Defendant Sgt. Dougheerty and Police Officer Manigault and/or Police Officer Stephens and/or Police Officer Waymack and/or Sergeant John Dougherty, knew or should have known, that the agreement to use such force was unreasonable under the circumstances.

23. The actions of all defendants was in violation of Philadelphia Police Directive 22, Appendix A, which prohibits tasering persons in the genitals and further prohibits the use

of a taser under any circumstances on a person being arrested for a summary or minor offense.

24. The action/conduct of all defendants was the result of inadequate training on the use of tasers, and an inadequate policy on the use of tasers, when the need for such training and policy were/are obvious.

25. It is believed and therefore averred that numerous complaints, both informal and formal, have been brought against the named individual defendants, and other Philadelphia Police Officers, regarding excessive force as a result of the inappropriate and unconstitutional use of tasers, and the City of Philadelphia's failure to properly train or discipline police officers who violate citizens Fourth Amendment rights by the inappropriate use of tasers.

26. Police Chief Ramsey, as the person with final decision making authority regarding the policies, practices and procedures of the Philadelphia Police Department, was aware of the unconstitutional policy regarding the use of tasers and was aware of, and acquiesced in, the unconstitutional use of tasers by Philadelphia Police Officers, and failed to take any measures to discipline the police officers involved in such conduct, or to enact proper training procedures or policies to address the unconstitutional use of tasers by Philadelphia Police Officers.

27. As a direct and proximate result of the aforementioned actions of the defendants, Police Officer Manigault , Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, plaintiff, Stacey Pressley, suffered injuries including but not limited to: a puncture wound to the hip area and a puncture wound to the vagina.

28. As a direct and proximate result of the aforementioned actions of the defendants, Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant

Dougherty, plaintiff, Stacey Pressley, has been subjected to mental anguish and embarrassment which may continue to present for an indefinite period of time in the future, to her great detriment and suffering.

29. As a direct and proximate result of the aforementioned actions of the defendants, Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, plaintiff, Stacey Pressley, was forced to receive and undergo medical care and treatment and has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical expenses for an indefinite period of time in the future, to her great detriment and loss.

30. As a direct and proximate result of the aforementioned actions of the defendants, Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, plaintiff, Stacey Pressley, has and will hereafter incur other financial expenses and losses.

## COUNT I - EXCESSIVE FORCE
## STACEY PRESSLEY v. POLICE OFFICER MANIGAULT or POLICE OFFICER STEPHENS or POLICE OFFICER WAYMACK

31. Paragraphs 1 through 30 are incorporated herein by reference, as though each were fully set forth herein at length.

32. As aforesaid, defendant, Police Officer Manigault or Police Officer Stephens or Police Officer Waymack, acting within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and/or practices of the defendant, City of Philadelphia, deprived plaintiff, Stacey Pressley, of her rights, privileges and immunities under the Laws and Constitutions of the United States; in particular, the right to be free from

excessive use of force which violated the plaintiff's rights under the Fourth Amendment to the Constitution of the United States and the Laws of the United States.

33. As detailed above, defendant, Police Officer Manigault or Police Officer Stephens or Police Officer Waymack, acting within the course and scope of his employment, under the color of state law, and pursuant to the customs, policies and/or practices of the defendant, City of Philadelphia, by his actions, intentionally, recklessly and/or maliciously assaulted and battered plaintiff, Stacey Pressley.

34. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendant, Police Officer Manigault or Police Officer Stephens or Police Officer Waymack, the plaintiff, Stacey Pressley, suffered injuries that are described more fully above.

35. The above described actions of the defendant, Police Officer Manigault or Police Officer Stephens or Police Officer Waymack, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Stacey Pressley, demands compensatory and punitive damages against defendant, Police Officer Manigault or Police Officer Stephens or Police Officer Waymack, for an amount sufficient to fairly and adequately compensate the Plaintiff, along with interest, costs, attorney's fees and other appropriate relief.

### COUNT II- 42 U.S.C. §1983
### SUPERVISORY LIABILITY
### STACEY PRESSLEY v. SGT. DOUGHERTY

36. Paragraphs 1 through 35 are incorporated herein by reference, as though each were fully set forth herein at length.

37. Defendant, Sgt. Dougherty, was the supervisor of defendants Police Officer Manigault and Police Officer Stephens and Police Officer Waymack, and was on the scene at the time of the incident alleged in Plaintiff's Amended Complaint.

38. Defendant, Sgt. Dougherty, was personally involved in the violation of the Plaintiff's Fourth Amendment rights by directly ordering defendants Police Officer Manigault and/or Police Officer Stephens and/or Police Officer Dougherty to taser the Plaintiff, when he knew that under the circumstances he confronted the use of a taser, or any force on the Plaintiff, would be unreasonable and in violation of the Plaintiff's rights under the Fourth Amendment.

39. Notwithstanding Sgt. Dougherty's knowledge that tasering the Plaintiff would be an unconstitutional use of force under the circumstances, as the supervisor of defendants Police Officer Manigault and/or Police Officer Stephens and/or Police Officer Waymack, Sgt. Dougherty directed one of them to taser the Plaintiff in violation of her constitutional rights.

40. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendant, defendant Sgt. Dougherty, the plaintiff, Stacey Pressley, suffered injuries that are described more fully above.

41. The above described actions of the defendant, Sgt. Dougherty, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Stacey Pressley, demands compensatory and punitive damages against defendant, Sgt. Dougherty, for an amount sufficient to fairly and adequately compensate the Plaintiff, along with interest, costs, attorney's fees and other appropriate relief.

## COUNT III- 42 U.S.C. §1983
## CONSPIRACY
## STACEY PRESSLEY v. POLICE OFFICER MANIGAULT and POLICE OFFICER STEPHENS and POLICE OFFICER WAYMACK and SERGEANT DOUGHERTY

42. Paragraphs 1-41 are incorporated herein by reference, as though each were fully set forth herein at length.

43. As aforesaid, the defendants, Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, entered into an agreement and engaged in concerted action to maliciously use a taser against the Plaintiff in violation of her under the Fourth Amendment.

44. Defendants, Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, took concerted acts in furtherance of that conspiracy, including agreeing to taser the Plaintiff without any legal justification or basis and carrying out that agreement by tasering the Plaintiff.

45. Defendants, Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, performed concerted, overt acts in furtherance of their conspiracy to violate the Plaintiff's Fourth Amendment rights, and were acting in accordance with an agreement or meeting of the minds between and among them.

46. As a direct and proximate result of the malicious, intentional and/or reckless actions of defendants, Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, the plaintiff, Stacey Pressley suffered injuries, which are described above.

47. The aforesaid actions of defendants, Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, in their individual capacities were so

malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Stacey Pressley, demands compensatory and punitive damages against defendants, Police Officer Manigault, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

## COUNT IV- 42 U.S.C. §1983
## BYSTANDER
## STACEY PRESSLEY v. POLICE OFFICER STEPHENS and POLICE OFFICER JOHN DOE and SERGEANT JOHN DOE

48. Paragraphs 1-47 are incorporated herein by reference, as though each were fully set forth herein at length.

49. Plaintiff believes and therefore avers that defendants, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, encouraged and stood idly by while the plaintiff was subjected to excessive force, which deprived the plaintiff of her constitutional under the Fourth Amendment.

50. Plaintiff believes and therefore avers that defendants, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, encouraged and failed to prevent the excessive force used against the plaintiff, which deprived the plaintiff of her rights under the Fourth Amendment.

51. As aforesaid, defendants, Police Officer Stephens, Police Officer Waymack and

Sergeant Dougherty, failed to fulfill their obligation to supervise and intervene when they had an independent and affirmative duty to prevent the use of excessive force against the plaintiff.

52. As aforesaid, by encouraging and failing to supervise and/or intervene, defendants, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, effectively assisted each other in the excessive force of the plaintiff and therefore deprived the plaintiff of her rights under Fourth Amendment.

53. The aforesaid actions of defendants, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, in their individual capacities were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Stacey Pressley, demands compensatory and punitive damages against defendants, Police Officer Stephens, Police Officer Waymack and Sergeant Dougherty, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

**COUNT V- 42 U.S.C. § 1983**
**MONELL CLAIM / UNCONSTITUTIONAL CUSTOM, POLICY AND PRACTICE**
**STACEY PRESSLEY v. CITY OF PHILADELPHIA**

54. Paragraphs 1-53 are incorporated herein by reference, as though each were fully set forth herein at length.

55. Plaintiff believes and therefore avers that the defendant, City of Philadelphia, has adopted and maintained for many years a recognized and accepted custom and/or practice of systematically allowing and/or encouraging the intentional and/or reckless use of

excessive force against suspects, and subjecting individuals to the same type of treatment to which plaintiff was subjected, including excessive force, which custom and/or practice violates the Fourth Amendment of the Constitution of the United States.

56. Plaintiff believes and therefore avers, that at the time she was subjected to excessive force, the defendant, City of Philadelphia, knew or should have known of the aforesaid-described custom and/or practice of the Philadelphia Police Department and it deliberately, knowingly and/or recklessly failed to take measures to stop or limit the custom and/or practice, including, inter alia, providing proper training, supervision, discipline and control of the officers, agents and/or employees of the Philadelphia Police Department.

57. By failing to take action to stop or limit the aforesaid custom and/or practice, and by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the custom and/or practice, defendant, City of Philadelphia, condoned, acquiesced in, participated in and perpetrated the custom and/or practice, in violation of the plaintiff's rights under the Fourth Amendment of the Constitution of the United States.

58. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendant, City of Philadelphia, the Plaintiff suffered injuries that are described above.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, plaintiff, Stacey Pressley, demands compensatory damages against defendant, City of Philadelphia, in an amount sufficient to fairly and adequately compensate the Plaintiff, along with interest, costs, attorney's fees and other appropriate relief.

ABRAMSON & DENENBERG, P.C.

BY: s/ Thomas Bruno
    THOMAS BRUNO II, ESQ.
    ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Thomas Bruno, II, Esquire, hereby certify that on February 8, 2016, I served a true and

correct copy of Plaintiff's Amended Complaint on all attorney's of record via the court's

electronic filing system.


Date:  February 8, 2016             s/ Thomas Bruno
                                   THOMAS BRUNO, ESQUIRE

**FILED**

FEB 11 2016

MICHAEL E. KUNZ, Clerk
By_____Dep Clerk